# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No.: 08-404 |
| | ) | |
| | ) | |
| ALEXANDER LITT, | ) | |
| Defendant | ) | |

### OBJECTIONS TO PRE-SENTENCE REPORT AND POSITION ON SENTENCING FACTORS

The Defendant, through his attorney, Maximilian F. Beier, Esquire, represents as follows in response to the Pre-sentence Investigation Report (PSIR):

1. The PSIR at page 6, paragraph 13, is in error. None of the companies mentioned were subsidiaries of ARRA, Inc. A subsidiary means that ARRA, Inc. would have to own more than 50% of the voting stock in the company, which was not the case. In fact, ARRA, Inc. had no ownership interest in those companies at all.

2  The PSIR at page 7, paragraph 14, is in error. The Litts did not secure any contracts in Pittsburgh. It was done by Shakhanov.

3. The Defendant strenuously objects to paragraph 28 of the PSIR where an enhancement of 21 levels is applied. At the pre-trial hearing, the government's evidence showed that the government arrested 60 illegal aliens for immigration violations. Some of these aliens were deported and others were not. The Defendant's position is that, at most, the government submitted proof that 60 aliens were illegal, certainly less than 100. Moreover, the government's evidence showed that the illegal aliens never met Alexander Litt and made no mention of him. Indeed, Alexander Litt was not responsible for their

housing or living conditions.  Accordingly, it makes little sense to impute an enhancement to Alexander Litt based on some arbitrary number of aliens.

4.  The Defendant also objects to the enhancement in paragraph 31, page 10, of the PSIR.  Alexander Litt should not be deemed a leader or organizer of this criminal activity.  Alexander Litt was not charged with tax evasion like his more culpable co-defendants.  Accordingly, a four-level enhancement is inappropriate for Alexander Litt.

5.  The Defendant is entitled to a substantial downward variance from the sentencing guidelines due to a multitude of factors including, but not limited to: (a) Defendant's close family ties; he has two (2) children, a son Philip who is 19 years old and lives full time with the Defendant Alexander Litt, while he attends Miami Dade Community College, and a daughter Mia who is 7 years old who he supports and shares custody with his ex-wife.  (b) Defendant's religious persecution while in Russia prior to his coming to the United States; (c) the nature of the offense (*malum prohibitum)* and the government's selective prosecution of such immigration violations; (d) the zero chance that Alexander Litt will re-offend; (e) the fact that Alexander Litt is not a danger to the community;  and, (f) Alexander Litt's extraordinary remorse and acceptance of responsibility and continued cooperation with the government.  (g) it shall be noted that Alexander Litt is not a naturalized citizen and as such may be imprisoned rather than deported because his country of origin is no longer in existence.


                                                Respectfully submitted,

                                                <u>s/ Maximilian F. Beier</u>

                              Maximilian F. Beier, Esquire
                              Attorney for Alexander Litt
                              445 Fort Pitt Boulevard, Suite 400
                              Pittsburgh, PA 15219
                              (412) 281-8539
                              PA. I.D. # 84772